ELLA DOUTHETT

*v.*

SAMUEL WINTER.

*Filed at Mt. Vernon January 22, 1884.*

1. HOMESTEAD—*exemption from sale under judgment for taxes.* Real estate occupied as a homestead is exempt from levy and sale under execution issued upon a judgment *in personam* against the debtor, notwithstanding such judgment may be for taxes on the same property due the State or county by the defendant therein. That part of section 3 of the act relating to exemptions, which provides that no property shall be exempt from sale for non-payment of taxes, etc., has application only to proceedings *in rem* against the property in which two years' redemption is allowed, and not to sales under a judgment *in personam*, except where it is based on a debt or liability for the purchase money or improvements.

2. TAXES—*lien of, not enforcible in ordinary action.* The lien given by law upon land for taxes due thereon, whatever its force and scope may be, can not be enforced in an ordinary action at law by the county or State against the tax debtor. That can only be done by bill in chancery, under the statute.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Effingham county; the Hon. THOMAS S. CASEY, Judge, presiding.

Mr. HENRY B. KEPLEY, for the appellant:

A tax on real estate is a lien thereon from the first day of May in the year it is levied, prior to all other liens, demands or claims whatever, and a title based upon a valid sale under a judgment rendered for such tax against the owner, takes precedence of, and is not subject to, the right of homestead in, or other liens. Rev. Stat. chap. 120, sec. 253; *People* v. *Stahl,* 101 Ill. 346; *Cooper et al.* v. *Corbin et al.* 105 id. 224; *Eaton's Appeal,* 83 Pa. St. 152; *Dunlap* v. *Gallatin County,* 15 Ill. 7; *Dennis* v. *Maynard et al.* id. 477; *Almy* v. *Hunt,* 48 id. 45; *Binkert* v. *Wabash Ry. Co.* 98 id. 206; *Rogers* v.

*Dickey,* 1 Gilm. 645 ; Cooley on Taxation, 305, 306, and cases cited ; Burroughs on Taxation, 371, 374 ; *Stokes* v. *State of Georgia,* 45 Ga. 412 ; *People* v. *Biggins,* 96 Ill. 481.

Section 253 of the Revenue law, and section 3 of the Exemption law, taken either separately or together, effectually and wholly exclude all right of homestead in a case like this.

A title based on a sheriff's sale of real estate under a judgment for the purchase ·money thereof, takes precedence of the right of homestead, even when the fact that it is for the purchase money does not appear from the judgment, but has to be shown by extrinsic evidence, and that the homestead exemption may be impeached and defeated by a purchaser at a sheriff's sale, by proof that the sale was under a judgment for a demand that is within the exceptions of the Statute of Exemptions. *People* v. *Stahl,* 101 Ill. 346 ; *White* v. *Clark et al.* 36 id. 532 ; *Durham* v. *Bostick,* 72 N. C. 356 ; Freeman on Judgments, 180, 181 ; *Stevenson* v. *Marony,* 29 Ill. 532.

The same principle that applies to a demand for purchase money will certainly apply to a demand for taxes.

When a debt secured by lien is reduced to a judgment, the lien is not lost, but follows the indebtedness in its new form so long as it can be identified. *Eschback* v. *Pitts,* 6 Md. 71 ; *Wayman et al.* v. *Cochran,* 35 Ill. 152 ; *People* v. *Stahl,* 101 id. 346 ; *Almy* v. *Hunt,* 48 id. 45 ; *Ober* v. *Gallagher,* 93 U. S. 206 ; Jones on Mortgages, secs. 1215, 1220, 1221 ; *Dunkley* v. *Van Buren,* 3 Johns. Ch. 330.

Mr. B. F. KAGAY, and Mr. JOHN C. WHITE, for the appellee :

While the State may proceed *in rem* against land for taxes, or bring a personal action against the tax debtor, at its election, yet each remedy must be in a manner peculiar to itself, and by the means which the law has made applicable and appropriate to the one chosen. A personal judgment for taxes can not operate both *in personam* and *in rem* at the same time. *People* v. *Stahl,* 101 Ill. 346.

Homestead, under the law of 1851, is exempt from sale under a judgment for a tort, the same as a debt. (*Conroy* v. *Sullivan*, 44 Ill. 451.) Also, from a sale under a judgment for a fine and costs rendered in a criminal prosecution. *Loomis* v. *Gerson*, 62 Ill. 13.

The clause in the Homestead Exemption act that the exemption should not apply to sales for non-payment of taxes or assessments, or for debt, etc., for the purchase or improvement thereof, was intended to and does apply only to judgments and decrees *in personam*. *Douthett* v. *Kettle*, 104 Ill. 356; *Humes et al.* v. *Gossett*, 43 id. 299.

This was a proper matter of defence to the action of forcible detainer, and the judgment of the court in refusing a writ of possession was correct. *Connor* v. *Nichols*, 31 Ill. 148; *Smith* v. *Miller*, id. 157; *Thornton* v. *Boyden*, id. 200.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of forcible detainer, brought by Ella Douthett, against Samuel Winter, before a justice of the peace, to recover possession of a tract of land described by its numbers in the complaint filed. On the trial before the justice of the peace plaintiff recovered a judgment, but on defendant's appeal to the circuit court, where a trial *de novo* was had, judgment was rendered for defendant. The latter judgment was affirmed in the Appellate Court for the Fourth District, and a majority of the judges of that court having certified the case, in their opinion, involves questions of law of such importance, on account of collateral interests, it should be passed on by the Supreme Court, plaintiff brings the case to this court on appeal, as is authorized to be done by the Practice act.

It is not controverted, demand in writing was made on defendant for the possession of the premises in controversy, and that he refused to surrender possession. Plaintiff's right

to possession is based on a sheriff's deed to the property, made in pursuance of a sale on an execution issued on a transcript judgment from a justice of the peace, which had been filed in the office of the clerk of the circuit court, as the statute provides may be done. No objection is taken to the regularity of the sheriff's deed that in any essential degree affects its validity, or to the regularity of the proceedings anterior to the making of the deed. It is admitted the premises described in the sheriff's deed are the homestead of defendant, and have been occupied by him as such for the last twenty years past, and the defence insisted upon is, the premises were not subject to sale under the execution issued on the transcript judgment in evidence, unless his homestead therein had first been set off to him, according to the provisions of the statute in that behalf, which had not been done. On the other hand, plaintiff maintains the judgment under which the property was sold was recovered for forfeited taxes due on the property itself, and therefore the property is liable to levy and sale under this judgment, because of section 3 of the Homestead act, which provides, "no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments, or for any debt or liability incurred for the purchase money, or improvements thereon." The position taken is, as this judgment was recovered for forfeited taxes due on the property, the subsequent sale under the execution was in law a "sale for the non-payment of taxes," as those terms are used in the "Homestead act," and hence the premises, although the homestead of defendant, are not exempt from sale under the execution.

The vice of the argument on this branch of the case lies in the assumption the sale at which defendant's property was sold was a "sale for the non-payment of taxes." Such is not the fact. It was a sale on an execution issued on a personal judgment recovered against defendant in a civil action. It is true the judgment was recovered for taxes due from defend-

ant to the county of Effingham, and, doubtless, for the taxes due from defendant on the property in controversy. This court has decided in *Douthett* v. *Kettle,* 104 Ill. 356, whether the subject matter of the suit was taxes, or a promissory note, can make no difference. It was further held in that case, a sale on an execution, although issued on a judgment recovered for taxes, is not a sale for the "non-payment of taxes, in the ordinary acceptation of that term." A "tax sale," or, what is the same thing, a "sale for the non-payment of taxes," has a distinct and well defined meaning. It means a sale made in a proceeding "*in rem,*" and was so generally understood when the Homestead law was enacted. It will be considered the phrase, a "sale for the non-payment of taxes," was employed in the statute in the sense it was commonly understood at the time, and that was, as has been seen, a sale made in a proceeding *in rem,* and not a sale on an execution issued on a judgment *in personam.* If a sale under an execution on a judgment recovered for taxes was a "tax sale," or a "sale for the non-payment of taxes," the defendant would clearly be entitled to a period of two years in which to redeem his property from such a sale. Being a constitutional provision, the owner could not be deprived of that privilege if his property was sold for the "non-payment of taxes." But that is not the case. This court has decided in *Douthett* v. *Kettle,* the law in regard to redemptions from tax sales has no application to a sale on execution issued on a judgment recovered for taxes, but the redemption must be made as is required to be done in other execution sales of real property.

Another ground relied on is, the statute making taxes upon real property a prior and first lien on such property, superior to all other liens and incumbrances, also makes it a superior lien over any right of homestead secured by the statute. Whatever may be the force and scope of the lien given by law to secure the payment of taxes, it is a sufficient answer to the position taken to say this is not a proceeding to enforce

any such lien. That can only be done by bill in chancery, under the statute, as was done in *Biggins* v. *The People,* 106 Ill. 270. The original suit by the county of Effingham against the defendant in this suit, was one of the statutory remedies given for the collection of taxes owing by the citizen to the State or the county, as any other demand could be collected. Taxes are sometimes treated as a debt owing by the citizen to the State, and it was for that reason it was thought a suit at common law might be maintained for the collection of taxes, independently of any enabling statute.

It is to be noticed, also, that section 3 of the Homestead act has not authorized the sale of the homestead on account of any debt or liability incurred for taxes due to the State or county, or to any municipality, as it does in case of a debt or liability incurred for the purchase money of the property, or for any improvements thereon. The provision is, the homestead shall not be exempt from a "sale for the non-payment of taxes." That is a very different thing from a sale under a judgment recovered on a demand or liability, at common law or otherwise, for taxes owing by the party to the county or the State. The legislature has not seen fit to subject the homestead to sale on such a judgment, as it has done under a judgment recovered for a debt or liability for the purchase money of the property, or for any improvements thereon, and this court has no desire or rightful authority to enlarge the provision of the statute in that respect by judicial construction.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

WALKER and SCHOLFIELD, JJ.: We do not concur either in the reasoning or the conclusion in this case.