(No. 11786.—Decree affirmed.)

THE NEAL INSTITUTE COMPANY, Appellant, *vs.* HENRY
STUCKART, County Treasurer, Appellee.

*Opinion filed December 19, 1917.*

1. INJUNCTION—*when equity will not entertain a bill to enjoin prosecution of suit.* A court of chancery cannot be resorted to to oust a court of law of previously acquired jurisdiction unless some equitable defenses are shown which cannot be availed of in the suit at law or there is other equitable ground for intervention.

2. TAXES—*what defenses available on application for judgment for tax.* On application for judgment and order of sale for a delinquent tax it may be shown in defense that the tax is unauthorized by law or that it is assessed upon property not subject to taxation, which includes the defense that the tax, which is a capital stock tax, was unauthorized because the State Board of Equalization failed to deduct the value of the corporation's tangible property.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

CHARLES J. JONES, for appellant.

MACLAY HOYNE, State's Attorney, (MORRIS SCHAEF-FER, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Appellant, the Neal Institute Company, a corporation, filed its bill in chancery in the circuit court of Cook county against the appellee, Henry Stuckart, county treasurer and *ex-officio* collector of Cook county, to enjoin him, as such officer, from further prosecuting a suit in the municipal court of Chicago for the collection of a tax of $266 assessed against the capital stock of appellant. Appellee filed a general demurrer to the bill, which was sustained. Appellant elected to abide by its bill and a decree was entered dismissing the same for want of equity. This appeal followed.

The bill charges that the Neal Institute Company is located at No. 811 East Forty-ninth street, Chicago; that it

has a capital stock of $15,000 and owns real estate in Cook county valued at $32,256; that in the year 1913 the board of assessors of that county assessed its real estate at its full value of $32,256 and fixed its assessed value at $10,252, and a tax was extended against its real estate on such assessed valuation, which it has paid; that appellant owns no other property than this real estate, and during that year had no indebtedness other than that incurred for current expenses, no part of which was incurred in the purchase or improvement of its property; that its capital stock has no market value and does not exceed in value the market value of its real estate; that in the year 1913 the State Board of Equalization assessed the value of its capital stock and franchises at $15,000 and fixed its assessed value at $5000. The bill further charges that through some error the State Board of Equalization neglected to deduct from the assessed value of the capital stock the full assessed value of the real estate but returned an assessment against it on the full capital stock of $15,000, with a net assessed value of $5000, without making the proper deduction for the value of its tangible property assessed by the board of assessors of Cook county; that appellee, as county treasurer and *ex-officio* county collector of that county, has demanded of it $266 general taxes extended against its capital stock, which assessment it has refused to pay, and that he has commenced a suit in the municipal court of Chicago against it for the collection of such unpaid tax, which suit is still pending. The bill sets forth certain rules adopted by the State Board of Equalization for the purpose of assessing shares of capital stock of corporations, which the appellant claims have not been complied with in making the assessment on its capital stock. The prayer of the bill is that an injunction issue restraining the prosecution of the suit in the municipal court and restraining the collection of the tax assessed against its capital stock.

Appellant contends it was the duty of the State Board of Equalization, in making an assessment of its capital stock, to first ascertain the full value of the capital stock and equalize it upon a uniform basis with the other property in the State, and from the aggregate value thus obtained deduct the assessed value of its tangible property; that its "capital stock" includes all of the property and rights, tangible and intangible, owned by the corporation, of whatever kind or nature, having value, and that it was the duty of the State Board of Equalization to first ascertain the fair cash value of all of its property; that the portion thereof to be taxed as capital stock is to be ascertained by deducting from the total assessed value of all of its property the assessed value of its tangible property and that the remainder represents the assessed value of its capital stock, and that the State Board of Equalization has no authority to make an assessment of the tangible property of such corporation,—citing *Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561, *Pacific Hotel Co.* v. *Lieb,* 83 id. 602, *Calumet and Chicago Canal and Dock Co.* v. *Stuckart,* 275 id. 253, and *Calumet and Chicago Canal and Dock Co.* v. *O'Connell,* 265 id. 106. It is also contended that since the bill alleges the assessment of the tangible property made by the local board of assessors of Cook county was greater than that assessed against the corporation by the State Board of Equalization, the latter assessment has no force or effect and does not authorize the extension of any tax against its capital stock, and that the extension of such tax is illegal and void, as double taxation.

Appellee has not controverted the above proposition, but insists appellant has not made such a case by its bill as will warrant a court of equity in assuming jurisdiction in this case. He contends the bill shows on its face that the municipal court of Chicago has acquired jurisdiction of the case, and that appellant has no standing in a court of equity by its bill to restrain such suit, for the reason that it has

an adequate remedy at law in the suit pending in that court; also, that the substance of the defense interposed by appellant's bill to the tax is that its property is assessed at too high a rate or is made the subject of double taxation, and that such defense could be availed of in the action in the municipal court for the collection of the tax.

The suit in the municipal court is based on the provisions of section 230 of the Revenue law. (Hurd's Stat. 1916, p. 2203.) We have held that in suits instituted under such section the property owner may avail himself of any defense that might be made on an application by the county collector for judgment and order of sale of real estate for delinquent taxes in the county court, and that this would include the defenses that the tax is unauthorized by law, is assessed upon property not subject to taxation, or that the property is fraudulently assessed at too high a rate. (*Big Lake Special Drainage District* v. *Highway Comrs.* 199 Ill. 132.) If appellant's property has been made the subject of double taxation this is a defense which might be availed of in the suit now pending in the municipal court for the collection of such tax, (*Walsh* v. *People,* 79 Ill. 521,) and appellant has no standing in a court of equity in a bill to enjoin such suit. It does not appear from the bill that if a court of equity does not assume jurisdiction a multiplicity of suits will result, or that appellant will suffer irreparable injury if the suit in the municipal court for the collection of the tax is not enjoined. On the contrary, it affirmatively appears from its bill that another court has acquired jurisdiction of the cause and that no defense is sought to be availed of in this suit that cannot be interposed in that action. Under these circumstances appellant has an adequate remedy at law in the pending suit, and a court of chancery cannot be resorted to to restrain the prosecution of such suit. The rule is well established that where another court has acquired jurisdiction of a cause a court of chancery cannot be resorted to for the purpose of oust-

281 — 34

ing such a court of jurisdiction unless some equitable defenses are shown which cannot be availed of in the suit at law, or some other equitable grounds for the intervention of a court of equity are shown. *Ross* v. *Buchanan,* 13 Ill. 55; *Mason* v. *Piggott,* 11 id. 85.

As there are no allegations in appellant's bill which will take its case out of the rule anounced in the foregoing decisions, the decree of the circuit court dismissing its bill for want of equity was right and will be affirmed.

*Decree affirmed.*