JULIÁN W. BLANCO ET UX., Plaintiffs and Appellees, *v.* ANGELA PÉREZ PIERRET ET AL., Defendants and Appellants.

No. 6084. Argued May 9, 1933.—Decided May 31, 1934.
Rehearing denied June 30, 1934.

Salvador Suau, in pro. per., and F. Prieto Azuar for appellants. R. F. Barbosa for appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

Julián W. Blanco was living on a piece of property and, unless the special circumstances of this case overcame it, would have had a right of homestead to the extent of $500. The property wherein the homestead was claimed was worth a great deal more, and a mortgage was placed thereon in the sum of $2,500. The property was sold under mortgage proceedings and no allowance was made to Blanco for his homestead. He brought this suit to recover the amount of $500 from the defendants in this case, executing creditors. The defendants set up that the plaintiff had failed to pay taxes to The People of Puerto Rico in the sum of $1,153.81, and that this amount had been tacked on to the mortgage by virtue of section 333 of the Political Code; that under the homestead law the homestead was not exempt from taxes due to the Government, and that as the defendants had paid the said taxes they should be subrogated to all the rights that the Government might have; that under the said homestead law the claim of the Government could have been recovered against the said homestead.

The District Court of San Juan, without entering into any great amount of reasoning, held that the exception to the exemption mentioned by the act could only apply when the People of Puerto Rico was proceeding directly against the property, and rendered judgment for the plaintiffs.

On appeal the contention is that the homestead right became absorbed by the act of the defendants in paying the taxes and the subsequent sale of the property.

The first section of the Homestead Act is as follows:

"That every householder, having a family, shall be entitled to an estate of homestead to the extent and value of five hundred dollars in a farm, plantation or lot of land, and buildings thereon, owned, or lawfully possessed, by lease or otherwise, and occupied by him or her, as a residence, and such homestead and all right and title therein, shall be exempt from attachment, judgment, levy or execution, except for the taxes due thereon, or purchase price of said property, or liability incurred for the improvements placed thereon, and except as hereinafter prescribed; *Provided,* That in the case of a lease or other similar contract nothing herein contained shall be construed to prohibit the landlord or owner of the said farm, plantation or lot of land and the buildings thereon from reëntering the said premises in accordance with the terms of the said lease and contract upon a breach of the conditions thereof."

Specifically it will be seen that the act presupposes a taxation against the homestead as such. In other words, there is nothing in the act which makes the homestead as such responsible for the taxation against the whole property. It would seem that the Legislature contemplated that the tax sought to be colleced should be specifically on the homestead right.

Moreover, there are cases to the effect that the Government has several remedies to recover taxes. One is in the nature of a proceeding *in rem* directed against the property itself, and the other is by a proceeding against the owner personally. When the state elects to go against the owner personally, there is no exception to the exemption allowed in the homestead act. *Fink* v. *O'Neil,* 106 U. S. 272; *Douthett* v. *Winter,* 108 Ill. 330; 29 C. J. 871.

We do not care to exclude the possibility that a homesteader might have to pay a part of the taxes assessed against the property, but that was not the theory of the defendants before us. In one case that we have found, *Abbott* v. *Heald,*

128 La. 718, the opinion of the court indicated that the court below had made a proportional estimate of the tax that the owner of the property should pay for his right of homestead. Nothing of this sort was attempted in this case, but the defendants tried to say that the homestead should respond entirely; in other words, that where the whole property might have been worth three or four thousand dollars and the proportion of the homesteader might have been one-sixth or one-eighth of the whole amount of the taxes, the defendants attempted to collect to the total exent of the homesteader's right. We are not at all convinced under all the circumstances that a direct proceeding *in rem* is the only thing contemplated by the homestead act.

The judgment will be affirmed.

## ON MOTION FOR REHEARING
### June 30, 1934

Mr. Justice Wolf delivered the opinion of the court.

We have examined the motion for reconsideration and we find no reason for changing the conclusion at which we arrived. We do, however, desire to comment upon the apparent discrepancy existing between the present decision and the one before the court in *Ramírez* v. *Monroig,* 45 P.R.R. 814. That was a case where there was no real discussion on the merits by the parties and we intentionally held the matter open for further consideration. In writing our original opinion in the present case we were perfectly aware of the decision in *Ramírez* v. *Monroig, supra,* but the question had remained an open one and was disposed of in the present case. Under the facts before us, the homestead charged on only part of the property, or as a lien thereon, could not be totally wiped out by the creditors on payment of the taxes on the whole property. The right of exemption would likewise be extinguished. The debtor at most should respond for the taxes in the proportion that the homestead bears to the whole property. No special distribution was attempted here, but

the whole taxes are sought to be charged up against the homestead lien.

The motion for reconsideration will be denied.