JULIÁN W. BLANCO y su esposa RAQUEL BADILLO POL, demandantes y apelados, *v.* ANGELA PÉREZ PIERRET y su esposo SALVADOR SUAU CARBONELL, demandados y apelantes.

No. 6084.—*Sometido:* Mayo 9, 1933. *Resuelto:* Mayo 31, 1934.

*Salvador Suau* por su propio derecho y *F. Prieto Azúar,* abogados de los apelantes; *R. F. Barbosa,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Julián W. Blanco vivía en una finca y hubiese tenido un derecho de hogar seguro hasta la suma de $500, a menos que

las circunstancias especiales de este caso destruyeran tal derecho. La finca sobre la cual se reclamaba el derecho a hogar seguro valía mucho más, y sobre ella se otorgó hipoteca por $2,500. La finca fué vendida en procedimiento ejecutivo hipotecario y no se hizo concesión alguna en favor de Blanco por su derecho de hogar seguro. Él inició este pleito para recobrar la suma de $500 de los demandados en este caso, que fueron los acreedores que ejecutaron. Los demandados alegaron que los demandantes habían dejado de pagar contribuciones al Pueblo de Puerto Rico por la suma de $1,153.81 y que esta suma había sido cargada a la hipoteca de conformidad con el artículo 333 del Código Político; que de acuerdo con la Ley de Hogar Seguro ese derecho no estaba exento de las contribuciones adeudadas al gobierno y que como los demandados habían pagado dichas contribuciones debía subrogárseles en todos los derechos que el gobierno pudiera tener; que en armonía con la ameritada Ley de Hogar Seguro, la reclamación del gobierno podía cobrarse a dicho hogar seguro.

La Corte de Distrito de San Juan, sin entrar en muchos razonamientos, resolvió que la excepción a la exención mencionada por la ley sólo podía aplicarse cuando El Pueblo de Puerto Rico procedía directamente contra la propiedad, y dictó sentencia en favor de los demandantes. En apelación se sostiene que el derecho de hogar seguro se esfumó por la actuación de los demandados al pagar las contribuciones y vender posteriormente la finca.

La sección primera de la Ley de Hogar Seguro lee como sigue:

"Que todo jefe de familia, que tenga familia, tendrá derecho a una finca de *homestead,* hasta el valor de quinientos dollars ($500) en una estancia, plantación o predio de terreno y en los edificios contenidos en el mismo, que le pertenezca o que posea legalmente, en virtud de arrendamiento o en otra forma, y estuviere ocupado por él o ella como su residencia; y dicho *homestead* y todo derecho ó título sobre el mismo estará exento de embargo, sentencia, exacción

o ejecución, excepción hecha de las contribuciones que adeudare, el valor de la venta (compra) de dicha propiedad o la responsabilidad incurrida por mejoras que se hicieren en la misma, y excepción hecha también de lo que más adelante se establece; *Disponiéndose,* que en caso de arrendamiento u otro contrato análogo nada de lo contenido en esta ley se interpretará en el sentido de que se prohiba el dueño o propietario de dicha estancia, plantación o predio de terreno, y de los edificios contenidos en el mismo, entrar de nuevo en posesión de dicha propiedad de acuerdo con lo estipulado en dicho contrato de arrendamiento o convenio, al faltarse al cumplimiento de las condiciones del mismo.''

Se verá específicamente que la ley presupone una contribución contra el hogar seguro como tal. En otras palabras, nada hay en la ley que haga el hogar seguro como tal responsable de las contribuciones impuestas contra toda la propiedad. Parecería que el objeto de la Legislatura fué que la contribución que se trataba de cobrar fuese impuesta específicamente sobre el derecho de hogar seguro.

Además, existen casos al efecto de que el gobierno tiene varios remedios para cobrar las contribuciones. Uno de ellos es de la naturaleza de un procedimiento *in rem* incoado contra la finca misma, y otro es mediante un procedimiento contra el dueño personalmente. Cuando el Estado opta por repetir contra el dueño personalmente, no existe excepción a la exención otorgada por la Ley de Hogar Seguro. *Fink* v. *O'Neil,* 106 U. S. 272; *Douthett* v. *Winter,* 108 Ill. 330; 29 C. J. 871.

No nos interesa excluir la posibilidad de que la persona con derecho al hogar seguro tuviera que pagar parte de las contribuciones impuestas contra la propiedad, pero no fué ésa la teoría de los demandados en el caso que tenemos a la vista. En uno de los casos que hemos hallado—*Abbott* v. *Heald,* 128 La. 718—la opinión de la corte indica que el tribunal inferior había hecho un estimado proporcional de la contribución que el dueño de la finca debía pagar por su derecho de hogar seguro. En este caso no se trató de hacer nada similar; pero los demandados trataron de aducir que

el hogar seguro debía responder enteramente; en otras palabras, que cuando toda la finca quizá valdría tres o cuatro mil dólares y la proporción de la parte correspondiente a la persona con derecho al hogar seguro tal vez era un sexto o un octavo del importe total de las contribuciones, los demandados trataban de cobrar hasta la totalidad del derecho de hogar seguro. No estamos del todo convencidos bajo todas las circunstancias de que un procedimiento directo *in rem* sea lo único que tuvo por miras la Ley de Hogar Seguro.

*Debe confirmarse la sentencia apelada.*

### EN MOCION DE RECONSIDERACION

### JUNIO 30, 1934

Hemos examinado la moción de reconsideración y no hallamos razón alguna para alterar la conclusión a que llegamos anteriormente. Sin embargo, deseamos comentar la discrepancia que aparentemente existe entre la decisión emitida en este caso y nuestra opinión en el de *Ramírez Escudero* v. *Monroig,* 45 D.P.R. 839. Este último fué un caso en que no hubo verdadera discusión sobre los méritos por las partes e intencionalmente dejamos la cuestión abierta para ulterior consideración. Al escribir nuestra opinión original en el presente caso nos dimos perfecta cuenta de la decisión en *Ramírez Escudero* v. *Monroig,* supra, pero la cuestión había permanecido abierta y fué resuelta en el presente caso. De acuerdo con los hechos que tenemos ante nuestra consideración, el hogar seguro impuesto solamente sobre parte de la propiedad, o, como un gravamen sobre ésta, no podía ser totalmente eliminado por los acreedores al pagar éstos las contribuciones sobre toda la finca. El derecho de exención quedaría igualmente extinguido. El deudor a lo sumo respondería de las contribuciones en la proporción que el hogar seguro tiene para con toda la finca. Aquí no se trató de hacer una distribución especial, mas se trata de cargar todo el importe de las contribuciones contra el hogar seguro.

*Debe declararse sin lugar la moción de reconsideración.*