Bernard Allen FRIED et al., Plaintiffs-Appellants,

v.

Bernard CAREY etc., Defendant-Appellee.

No. 78–1191.

United States Court of Appeals, Seventh Circuit.

Submitted June 21, 1978.

Decided June 26, 1978.*

---

* This appeal originally was decided by unreported order on June 26, 1978. See Circuit Rule 35.

The panel has decided to issue the decision as an opinion.

Bernard Allen Fried, Chicago, Ill., for plaintiffs-appellants.

John A. Dienner, III, Asst. State's Atty., Chicago, Ill., for defendant-appellee.

Before CUMMINGS and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.**

PER CURIAM.

This matter comes before the court on the filing of the briefs by the parties and on the motion of the appellee for affirmance without oral argument pursuant to Circuit Rule 15. On consideration whereof, we GRANT the motion and AFFIRM the order of the district court.

Plaintiffs-appellants, all owners of tax delinquent Illinois real estate, brought an action in the district court asking that an injunction be issued against defendant Bernard Carey, State's Attorney of Cook County, in order to restrain him from bringing any law suits against them under an Illinois statute which allows suits to be brought for taxes on forfeited realty (*Ill.Rev.Stat.* ch. 120, § 756). Appellants allege that this statute is both unconstitutional on its face and also as applied to them. Further, they allege that section 756 does not authorize the defendant to bring suit but only grants the County Board this authority. Appellants also sought the issuance of a declaratory judgment finding section 756 unconstitutional and finding Carey's enforcement of it against them as a violation of their constitutional rights under the fifth and fourteenth amendments.

The defendant-appellee moved to dismiss the action asserting: (1) a failure of the complaint to state a claim upon which relief may be granted; (2) the bar of 28 U.S.C. § 1341; and (3) abstention. The motion was fully briefed and ultimately granted by the district court on December 9, 1977. It is from this judgment the plaintiffs appeal. The only issue raised on appeal which this court will address is whether or not the district court erred in finding that this action was barred by 28 U.S.C. § 1341.

The district court in its decision stated at the very outset:

"In the first place, this Court is not empowered to enjoin, suspend or restrain the collection of any State tax where a plain, speedy and efficient remedy is available in the State Court. 28 U.S.C. § 1341." (Mem.Opin. at 2.)

Appellants contend that the district court erred in finding that they were seeking an injunction to restrain the collection of Illinois taxes because the law suits filed by the defendant are not regarded as suits to collect taxes but suits seeking to collect personal judgments.[1] They assert two Illinois cases as affirming their position. In *Douthett v. Winter*, 108 Ill. 330 (1884), the Illinois

---

** The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, sitting by designation.

1. A pertinent portion of *Ill.Rev.Stat.* ch. 120, § 756 provides:

Suits for taxes on forfeited realty or delinquent personalty. [§ 275.] The county board may, at any time, institute suit in a civil action in the name of the People of the State of Illinois in the circuit court for the whole amount due for taxes and special assessments on forfeited property . . . and prosecute the same to final judgment.

Supreme Court indicated that a suit seeking a personal judgment based upon an underlying default on taxes was an *in personam* proceeding and a sale of tax delinquent property was an *in rem* proceeding. The decision was premised upon the decision of *Douthett v. Kettle*, 104 Ill. 356 (1882), which held that a sale of land resulting from a deficiency judgment in a tax sale, being an *in personam* action, foreclosed the application of the two year redemption period for property sold directly at a tax sale.

Appellants rely on these two cases only to obfuscate the obvious. While the significance of whether a proceeding is *in rem* or is *in personam* is important vis-à-vis a homestead exemption (*Winter, supra*) or redemption rights (*Kettle, supra*) it is not an important distinction with regard to the purpose for which a proceeding is initiated. Here, the State is quite clearly seeking to obtain delinquent taxes in the only manner legally available to it, that is by proceeding directly against the property owners. In such a situation, the statutory language of 28 U.S.C. § 1341 prohibits interference by the federal courts.

The appellants also argue, without ever conceding that these lawsuits are for the collection of taxes, there is no "plain, speedy and efficient remedy . . . in the courts of [Illinois]" to contest the unconstitutionality of section 756. *Sacks Bros. Loan Co., Inc. v. Cunningham*, 578 F.2d 172 (7th Cir. 1978); *28 East Jackson Enterprises, Inc. v. Cullerton*, 523 F.2d 439 (7th Cir. 1975), *cert. denied*, 423 U.S. 1073, 96 S.Ct. 856, 47 L.Ed.2d 83 (1976), *aff'd on rehearing*, 551 F.2d 1093 (7th Cir. 1977). In their brief and complaint they devote little attention to explaining their position except to assert that the only statutory procedures available are those in which litigants "contest the imposition of the tax in any way whatsoever." They claim that since they have not refused to pay the taxes assessed against their property on account of any invalidity or illegality of the assessment or levy, the usual procedure of paying the taxes under protest and claiming a refund pursuant to *Ill.Rev.Stat.* ch. 120, § 675 is not available to them.

It is apparent to this court that appellants have neither exhausted their state remedies, as is required prior to the filing of this action, nor have they exhausted their efforts in legal research. In *Neal Institute Co. v. Stuchhart*, 281 Ill. 526, 117 N.E. 1012 (1918) the Illinois Supreme Court indicated that any defense which might be made in an action for delinquent taxes (*Ill.Rev.Stat.* ch. 120, § 675) can be made under a section 756 proceeding. Because the defenses which can be raised under section 675 are plenary, with the one exception that the real estate is exempt, appellants can present any and all claims including those based on the federal constitution in the state court action.

For the reason that this court finds that the injunctive relief sought is barred by 28 U.S.C. § 1341[2] and because this statute has been applied to actions for declaratory judgment as well as actions for injunctions, *Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407 (1943), we find it unnecessary to address the other issues presented by the appellants on appeal.

For these reasons, it is ordered that the motion for affirmance without oral argument is GRANTED and the district court's order is AFFIRMED.

---

2. As was noted by this court in *28 East Jackson Enterprises, Inc. v. Cullerton*, 551 F.2d 1093, 1096 (7th Cir. 1977):

"This denial of jurisdiction is complete and applies regardless of whether the tax complaint filed invokes a federal claim alone or in conjunction with state claims. *See Mandel v. Hutchinson*, 494 F.2d 364 (9th Cir. 1974) (in which it was held that the jurisdictional bar of section 1341 was not avoided by challenging state tax statute on federal grounds); *see also* P. Bator, P. Mishkin, D. Shapiro and H. Wechsler, *Hart & Wechsler's The Federal Courts & the Federal System*, 978 (2d ed. 1973). The only concern is whether or not there is an adequate state court remedy for the federal claims."